UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- against -

KASHAWN JACKSON,

         Defendant.

12-CR-149

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from that provided by the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now "advisory" rather than mandatory, *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alterations in original).

1

On April 17, 2012, Kashawn Jackson pled guilty to the sole count of a one-count indictment. That count charged that on or about October 17, 2011, within the Eastern District of New York, Jackson knowingly and intentionally escaped from the custody of the United States Attorney General and his authorized representative, and from an institution and facility in which he was confined by the direction of the United States Attorney General, in violation of 18 U.S.C. § 751(a). The United States Attorney General had custody over Jackson by virtue of the defendant's October 2005 conviction for having possessed, with the intent to distribute, five grams or more of cocaine base. See 21 U.S.C. § 841(a)(1).

Jackson was sentenced on September 20, 2012. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere, as well as the factors and considerations that a district court must evaluate in imposing a sentence in accordance with 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

The court finds the total offense level to be 7 and defendant's criminal history category to be category IV, yielding a Guidelines range of imprisonment of between eight and fourteen months. The offense to which the defendant pled guilty carries a maximum term of imprisonment of five years. See 18 U.S.C. § 751(a). The maximum fine that could have been imposed was $250,000. See id. § 3571(b)(3).

Jackson was sentenced to six months' imprisonment. A special assessment of $100 was imposed. A supervised release term of three years was ordered. Jackson was not fined.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence was "sufficient, but not greater than necessary, to comply with the purposes" of

sentencing. 18 U.S.C. § 3553(a). The court imposed a non-Guidelines sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *Id.* § 3553(a)(1). The offense to which the defendant pled guilty is an extremely serious one. Shortly after being charged in October 2011 by the Bureau of Prisons with having forged false employment documents so that he could leave the reentry center at which he was in custody, Jackson fled from the custody of the reentry center's staff so as to avoid being transferred to a higher-security detention center. He was a fugitive for over three months; the United States Marshals did not succeed in apprehending him until late January 2012. Jackson informed the Marshals at the time of his arrest that he planned to surrender to law enforcement after the holidays, after spending time with his family.

Other considerations, however, support the imposition of a non-Guidelines sentence. Defendant is twenty-nine years old and is a citizen of the United States. He was born to unmarried parents and was raised primarily by his mother in difficult economic circumstances. His father was incarcerated on several occasions during Jackson's youth; defendant does not have a close relationship with him. Defendant is close with his mother, who is supportive of him. He has three children, the youngest of whom was born several weeks ago.

Defendant left high school in the ninth grade because of drug use. He has longstanding problems with drug and alcohol abuse. He became a member of the Bloods, a powerful and dangerous gang, when he was young. At sentencing, defendant expressed remorse for having committed the instant offense; he stated that he fled from custody because he wanted to see his children.

A sentence of six months' imprisonment and the supervised release term imposed serve to reflect the seriousness of the offense, will promote respect for the law, and will provide just punishment. *See id.* § 3553(a)(2)(A).

Under 18 U.S.C. § 3553(a)(2)(B), there are two important factors to be considered by the sentencing court: specific and general deterrence. Society's interest in both forms of deterrence will be furthered by the term of imprisonment ordered.

Jack B. Weinstein
Senior United States District Judge

Dated: September 21, 2012
Brooklyn, New York